UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MELAINE R. WILSON,<br>Plaintiff<br><br>vs.<br><br>DEPARTMENT OF INTERIOR,<br>BUREAU OF INDIAN AFFAIRS-<br>WASHINGTON, D.C., BUREAU<br>OF INDIAN AFFAIRS-PINE RIDGE<br>AGENCY, OGLALA SIOUX TRIBE<br>COUNCIL, OGLALA SIOUX TRIBE<br>CANNABIS COMMISSION, et al,<br>Defendants | 5:23-cv-5041<br><br>MEMORANDUM OPINION<br>AND ORDER |

Pending before the Court is Plaintiff's complaint against several federal and tribal government agencies. (Doc. 1). In addition to the Department of Interior, Bureau of Indian Affairs, and Oglala Sioux Tribe Council, she names the Oglala Sioux Tribe Cannabis Commission and others. She has filed a motion for in forma pauperis status, (Doc. 3), and a motion for appointment of counsel. (Doc. 4).

**I. Motion for Leave to Proceed In Forma Pauperis**

28 U.S.C. §1915(a)(1) directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. A person may be permitted to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets" the person possesses, and also states "that the person is unable to pay such fees or give security therefore." *Id.* The Eighth Circuit has established parameters for addressing in forma pauperis motions and has instructed that a petitioner's financial status should be evaluated first, and screening under 28 U.S.C. § 1915 should follow. *Martin-Trigona v. Stewart,* 691 F.2d 856, 857 (8th Cir. 1982). The court has recognized that the applicant need not establish "absolute destitution." *Lee v. McDonald's Corp.,* 231 F.3d 456, 459 (8th Cir. 2000). See also *Babino v. Janssen & Son,* 2017 WL 6813137, at *1 (D.S.D. 2017). The District Court's task is to determine whether the plaintiff's allegation of poverty is true, and that determination is within the court's discretion. *Lee,* 231 F.3d at 459.

Plaintiff has submitted sufficient documentation to establish that she should be permitted to proceed in forma pauperis. Because a page of her application was missing, the Court consulted the documentation in 5:23-cv-5027, which she filed shortly before the present lawsuit. The income stated there was consistent with what she reported in the other lawsuits she has filed, including 5:22-cv-5091, 5:22-cv-5097, 5:22-cv-5094, and 5:22-cv-5095. Her income consists of recurring

2

military retirement and disability payments.  She has minimal assets and

significant housing expenses. (Doc. 3). The Court finds Ms. Wilson is indigent

within the meaning of §1915(a)(1).  The Court notes this is consistent with its

determination of in forma pauperis status for Plaintiff in 5:22-cv-5091, 5:22-cv-

5097, and 5:22-cv-5095.  This determination means her claims will be screened

under 28 U.S.C. § 1915(e).

## II. Screening pursuant to 28 U.S.C. § 1915(e)

### A. Legal Standard

A proceeding in forma pauperis is governed by 28 U.S.C. §1915(e)

which provides:

> (2) Notwithstanding any filing fee . . . the court shall dismiss the case at any
> time if the court determines that-- . . .
>     (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from
>     such relief.

28 U.S.C. § 1915(e)(2).

This provision allows the court sua sponte to review a complaint filed

with an in forma pauperis application to determine if the action warrants dismissal.

In screening plaintiff's pro se complaint, the court must liberally construe it and

assume as true all facts well pleaded in the complaint. *Erickson v. Pardus*, 551

3

U.S. 89, 94 (2007). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 675. If it does not contain these bare essentials, dismissal is appropriate. The court is not required to construct legal theories for the plaintiff to enable the case to proceed. *Marglon v City of Sioux Falls Police Dept.*, 2020 WL 906521, *2 (D.S.D. 2020) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## B. Plaintiff's allegations

Plaintiff initiates her lengthy complaint by stating the grounds for federal court jurisdiction as having asked the Department of Interior to investigate the Oglala Sioux Tribe Cannabis Commission for "civil rights abuse." (Doc. 1, PgID

1). She asserts that the Oglala Sioux Tribe Council is both the legislative and judicial authority and has "allowed the Oglala Sioux Tribe Council to get loans on Cannabis Businesses for themselves and their Dependents in Prime Locations that were stolen with illegal Indian Trust Patents." (Id.) She further asserts that, "There is no fair play for building businesses," "no remedy at the tribal level," and "collusion and corruption amongst many key players." (Id.). In her statement of claim she alleges "30ish" tribal members have "stolen thousands of acres" of trust land, and "taken millions" of federal dollars and federal jobs. (Id., PgID 3). She asserts this is "Genocide." (Id.).

As relief, Plaintiff requests $2,400,000.00 for eight people for three years as compensation for a "business that cannot exist because it is being suppressed by our own kind in Prime Positions." She then asks for action on Oglala Sioux Tribal Ordinance 20-66, which she asserts was passed without certain amendments. (Id.). She includes with her complaint a detailed list of what she would spend on equipment and supplies for a business. (Doc. 1-1, PgID 8). She also includes a copy of her complaint of November 15, 2022, to the Department of Interior Inspector General. (Id., PgID 18). The Court notes this document has been included in several of her lawsuits and expresses her dissatisfaction with various tribal offices. She includes a list of documents she seeks including incomes of

tribal entities and members, tribal loans, bonds, personnel information, and much more. (Id., PgID 21).

In a document entitled Complaint and addressed to the District Court, she names herself and her family members as victims, along with Oglala Sioux Veterans and tribal members. (Doc. 1-1, PgID 24). She then focuses on a tribal council meeting that resulted in Cannabis Ordinance 20-66, discusses her desire to start a business at Pine Ridge, and asserts a group of tribal members have engaged in an "intergenerational strategy and intergenerational information sharing" which has resulted in their ownership of fee lands in Oglala County "which is 99% illegal Indian Trust Patents stolen by Pine Ridge Agency Bureau of Indian Affairs Realty Office Workers since at least 1950 and perhaps further back to 1934…" (Id., PgID 26). As a remedy she first wants the "wishes of the people" to be heard on the Cannabis Ordinance because she gave one acre to the Oglala Sioux Tribe Veterans to build a business for teens coming out of foster care and, second, as noted above, $2,400,000.00. (Id., PgID 27; Doc. 1, PgID 3).

Plaintiff also includes information about a business she incorporated called "Lakota Blaze, LLC" and a lien she filed for $55,000,000.00 against the Oglala Sioux Tribe Council and other tribal entities, the State of South Dakota, and the Counties of Oglala, Jackson and Bennett. (Doc. 1-1., PgID 32). She includes her proposed business plan, (id., PgID 35), several requests for information to the

tribal President, her draft Cannabis Ordinance, (id., PgID 52), and Ordinance 20-66 adopted by the Tribal Council on October 27, 2020. (Id., PgID 139).

## C. Analysis

As the Court has recognized, many restrictions on federal court intervention in the internal affairs of tribes are firmly in place. See, e.g., *Sac & Fox Tribe of the Mississippi in Iowa, Election Board v. Bureau of Indian Affairs*, 439 F. 3d 832, 835 (8th Cir. 2006) (noting that jurisdiction to resolve "internal tribal disputes" is in the tribe and not in federal district court); *Wright v. Langdeau*, 158 F.Supp.3d 825, 836 (D.S.D. 2016); *Montgomery v. Flandreau Santee Sioux Tribe*, 2006 WL 482479, *5 (D.S.D. 2006). Tribal law and policy are matters to be determined by the tribe in the first instance. *Sac & Fox Tribe*, 439 F.3d at 835. Therefore, when an individual tribal member seeks federal court intervention in what appears to be a matter of internal tribal policy, the court proceeds with caution. As one court recently explained, federal question jurisdiction is not created simply because "a case involves an Indian party or contract or tribal or individual Indian property, or ... arises in Indian country." *Whalen v. Oglala Sioux Tribe Executive Officers*, 2021 WL 4267654, *2 (D.S.D. 2021) (quoting COHEN'S HANDBOOK OF FEDERAL INDIAN LAW § 7.04[1][a] (Nell Jessup Newton ed., 2012)). In this case, as discussed below, Plaintiff's lawsuit must be dismissed for at least three

reasons:  tribal sovereign immunity, standing, and failure to meet pleading requirements.

1. Tribal Sovereign Immunity

Tribal sovereign immunity has been recognized as a significant aspect of tribes' status as sovereigns. *Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 788 (2014); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) (holding that tribes possess "common-law immunity from suit traditionally enjoyed by sovereign powers"). This immunity is viewed as "a necessary corollary to Indian sovereignty and self-governance." *Bay Mills*, 572 U.S. at 788 (quoting *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P.C.*, 476 U.S. 877, 890 (1986)). Suits may be brought against tribes if the tribe waives its immunity or Congress abrogates it. *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991); *Stanko v. Oglala Sioux Tribe*, 916 F.3d 694, 696 (8th Cir. 2019) (citing *Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 685 (8 Cir. 2011)). Any waiver of tribal sovereign immunity must be "unequivocal." *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir. 1995).

In the context of a lawsuit brought in federal court, "sovereign immunity is a jurisdictional question." *Rupp*, 45 F.3d at 1244 (citing *Puyallup Tribe, Inc. v. Washington Game Dep't*, 433 U.S. 165, 172 (1977)).  The upshot is that, if the

Tribe possesses sovereign immunity, the district court "has no jurisdiction."

*Puyallup,* 433 U.S. at 172; *Rupp,* 45 F.3d at 1244. Furthermore, a federal court

must assess whether it has jurisdiction as a threshold matter in every case. *Oglala*

*Sioux Tribe v. Schwarting,* 894 F.Supp.2d 1195, 1198 (8th Cir. 2012) (quoting

*Hart v. United States,* 630 F.3d 1085, 1089 (8th Cir. 2011)).

Plaintiff's claims have been filed against, among others, the Oglala Sioux

Tribe Council, Oglala Sioux Tribe Cannabis Commission, Oglala Sioux Tribe 5th

Members Office, Oglala Sioux Tribe President, and Oglala Sioux Tribe Land

Office. At a later point in her filing, she expands that list to include Oglala Sioux

Tribe Hemp Commission, Oglala Sioux Tribe Finance Accountability Officer,

Oglala Sioux Tribe Treasurer, Oglala Sioux Tribe Economic Development

Committee, and Oglala Sioux Tribe Land and Natural Resources Committee.

(Doc. 1-1, PgID 24). There is no possible dispute that these entities are the

governing body of the Oglala Sioux Tribe or its subdivisions. When members of

the governing body or its subdivisions perform their assigned duties, they act in

their official capacities. See generally, *Whalen,* 2021 WL 4267654, *3 (D.S.D.

2021) (discussing role of Oglala Sioux Tribe Election Commission). As a result,

the Oglala Sioux Tribe Council is immune from suit, and its subdivisions are as

well. See, e.g., *Hagen v. Sisseton-Wahpeton Cmty. Coll.,* 205 F.3d 1040, 1043 (8th

Cir. 2000) (immunity extended to tribal college); *Stathis v. Marty Indian School*

*Board Inc.*, 560 F.Supp.3d 1283, 1291 (D.S.D. 2021) (noting that "a tribe's sovereign immunity may extend to a tribal entity or agency").

In this case, the Court determines it lacks jurisdiction to entertain Plaintiff's lawsuit against the Oglala Sioux Tribe Council and all other named Defendants who serve in official capacities for the Oglala Sioux Tribe. In particular, the Cannabis Commission is an arm of the Oglala Sioux Tribal government and enjoys sovereign immunity unless Congress has abrogated the immunity or the tribe has waived it in the context of this lawsuit. The Court is aware of no such abrogation or waiver and Plaintiff supplies no evidence of either. The sovereign immunity of the Oglala Sioux Tribe remains in place with respect to this lawsuit, meaning this Court lacks subject matter jurisdiction. The Court has the authority under Rule 12(h) to dismiss before service if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h). See *Goodface v. Lower Brule Sioux Tribe 2020 Election Board*, 2020 WL 5017352, *1 (D.S.D. 2020) (citing *Evans v. Suter*, 2010 WL 1632902, *1 (D.D.C. 2010) (collecting cases)). Therefore, Plaintiff's claims against the Oglala Sioux Tribe and its subdivisions are dismissed for lack of jurisdiction.

2. Standing

The United States Supreme Court has set forth the requirements for Article III standing in numerous cases. The "irreducible constitutional minimum of standing" is that a plaintiff must have suffered an "injury in fact," meaning,

10

invasion of a legally protected interest; "there is a causal connection between the injury and the conduct complained of"; and the injury can be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). See also *Department of Commerce v. New York*, ___ U.S. ___, 139 S. Ct. 2551, 2565, 204 L.Ed.2d 978 (2019) (in a dispute over a citizenship question on the 2020 census, states had standing, given the potential impact on their representation in Congress).  As numerous courts have held, if a plaintiff lacks standing, the district court does not have subject matter jurisdiction. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 79 (2013).  See also *Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002) (reversed on other grounds); *Yankton Sioux Tribe v. U.S. Army Corps of Engineers,* 2005 WL 2429799, *2 (D.S.D. 2005).

In addressing a challenge to tribal election procedures, the Eighth Circuit reiterated its "obligation" to examine standing, and cited its formulation of the rule that "a plaintiff must have suffered an injury in fact that is fairly traceable to the defendant's challenged action, and it must be likely that the injury will be redressed by a favorable judicial decision." *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022) (quoting *Hawse v. Page*, 7 F.4th 685, 688 (8th Cir. 2021)).  The court added that "a 'generalized grievance' does not count as an Article III injury." *Id.* (citing *Carney v. Adams,* 592 U.S. ___, 141 S,Ct. 493, 499 (2020)).  The court

11

concluded the plaintiff lacked standing to challenge a tribal residency requirement for public office because he did not allege that he intended to pursue an office. *Id.*

As noted above, Plaintiff has sued several federal agencies including the Department of Interior, Bureau of Indian Affairs-Washington, D.C., Bureau of Indian Affairs-Pine Ridge Agency, Pine Ridge Agency BIA Comptroller, and Pine Ridge Agency BIA Realty Office. (Doc. 1, PgID 1). In her later filing she included Pine Ridge Agency Bureau of Indian Affairs Superintendent. (Doc. 1-1, PgID 24). It is clear the Defendants Department of Interior and Bureau of Indian Affairs, both at the local and national levels, would not be responsible to pay Plaintiff the millions of dollars she has demanded. (Doc. 1, PgID 3). Likewise, they would not have the authority to alter the Cannabis Ordinance adopted by the Tribal Council. (Id.). Plaintiff has submitted a lengthy list of generalized grievances and has failed to allege a plausible injury in fact by Defendants that is redressable by this Court. The Court finds Plaintiff lacks standing in this action, which deprives the Court of jurisdiction. Therefore, Plaintiff's claims are dismissed.

Furthermore, as noted above, Plaintiff has filed a complaint with the Department of Interior Inspector General and Bureau of Indian Affairs which apparently remains unresolved. (Doc. 1-1, PgID 18). At this juncture, Plaintiff's claim against the agencies in this lawsuit is not ripe for resolution and is therefore dismissed. *Metzger v. Village of Cedar Creek, Neb,* 370 F.3d 822, 823 (8th Cir.

2004) (court lacks subject matter jurisdiction over claim that is not ripe, meaning a final decision on the claim has not been made).

    3.  Pleading in accordance with F.R.C.P. 9

    Because Plaintiff has alleged that, with the acquiescence of the Tribal Council, there are "30ish enrolled Oglala Sioux Tribe members who have stolen thousands of acres of our Oglala Sioux Tribe land base trust lands, taken millions from federal monies and federal jobs," she has alleged serious fraud by tribal leaders and tribal members. (Id., PgId 3). When a plaintiff alleges fraud, the requirements of F.R.C.P. 9(b) must be met. The Rule provides that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Pleading the fraud with particularity means the plaintiff must supply sufficient information about the fraudulent conduct to enable the defendant to "respond specifically and quickly" to defend against the allegations. *United States ex rel Strubbe v. Crawford Cnty. Mem. Hosp.*, 915 F.3d 1158, 1163 (8th Cir. 2019). As the court described the requirements in affirming the dismissal of a fraud claim, "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 898 (8th Cir. 2014) (quoting

*United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th

Cir.2006)). The Eighth Circuit has noted in several cases that this means the

plaintiff must plead "the who, what, where, when, and how" of the allegations of

fraud. See, e.g., *Ascente Business Consulting, LLC v. DRmyCommerce,* 9 F.4th

839, 845 (8th Cir 2021); *Ambassador Press, Inc. v. Durst Image Tech., U.S., LLC,*

949 F.3d 417, 421 (8th Cir. 2020); *Joshi,* 441 F.3d at 556.

Plaintiff theorizes that Oglala Sioux Tribe leaders have engaged in an

"intergenerational strategy and intergenerational information sharing" resulting in

their "owning most of the fee lands in Oglala County which is 99% illegal Indian

trust patents stolen by Pine Ridge Agency Bureau of Indian Affairs Realty Office

workers since at least 1950 and perhaps further back to 1934...." (Doc. 1-1, PgID

26). These allegations are serious but are not supported with anything approaching

the "who, what, where, when, and how" standard of *Ascente.* 9 F. 4th at 845.

Plaintiff's statements that there has been "collusion" and "manipulation of the

Indian Reorganization Act by continually breaking laws such as the Sherman Anti

Trust Act," (id.), do not supply the necessary foundation for her claims of fraud.

Therefore, Plaintiff's claims against the tribal Defendants are dismissed based not

only on sovereign immunity but also because of failure to comply with Rule 9(b).

Plaintiff has not supplied sufficient justification for the appointment of

counsel and her motion for appointment of counsel is denied. (Doc. 4).

**Conclusion**

With respect to the Oglala Sioux Tribe Council and other tribal Defendants, the Court dismisses Plaintiff's claims as follows. The Court lacks jurisdiction over the Oglala Sioux Tribe and the tribal agency Defendants based on sovereign immunity. In addition, Plaintiff's allegations of fraud are not supported by evidence adequate to survive review pursuant to F.R.C.P. 9(b).

With respect to the federal Defendants the Court dismisses Plaintiff's claims as follows. Plaintiff filed a complaint with the Department of Interior and other federal agencies several months ago in which she set forth her grievances about alleged stolen land and illegal Indian trust patents and asking for an investigation. The complaint apparently remains unresolved, and therefore the Court lacks subject matter jurisdiction because the case is not ripe for resolution. Furthermore, the Court lacks jurisdiction because Plaintiff does not have standing with respect to her claims against the federal agency Defendants. Plaintiff has listed generalized grievances and there is no scenario in which those agencies would be required to pay the millions of dollars in damages Plaintiff demands or would have the power to overturn the tribal Cannabis Ordinance.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is granted (Doc. 3);

2. Plaintiff's claims against the Oglala Sioux Tribe Council, Oglala Sioux Tribe 5th Members Office, Oglala Sioux Tribe President, Oglala Sioux Tribe Cannabis Commission, Oglala Sioux Tribe Hemp Commission, Oglala Sioux Tribe Finance Accountability Officer, Oglala Sioux Tribe Treasurer, Oglala Sioux Tribe Economic Development Committee, Oglala Sioux Tribe Land and Natural Resources Committee, and Oglala Sioux Tribe Land Office are dismissed;

3. Plaintiff's claims against the Department of Interior, Bureau of Indian Affairs-Washington, D.C., Bureau of Indian Affairs-Pine Ridge Agency, Pine Ridge Agency BIA Comptroller, Pine Ridge Agency BIA Superintendent, and Pine Ridge Agency BIA Realty Office are dismissed;

4. Plaintiff's motion for appointment of counsel is denied. (Doc. 4).

Dated this **28** day of June, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

16